## THE MANHATTAN LIFE INSURANCE COMPANY

### *v.*

### ANNA PAULISON and others.

The interruption of the construction of a building on account of the season of the year, though it be for months at a time, will not prevent a mechanic's lien from attaching from the commencement of the building, if the construction be resumed without change of design and there is no evidence of an abandonment of the intention to prosecute the work.

---

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. H. J. Mills*, for complainants.

*Mr. J. E. Stoutenburgh*, for lien claimants.

THE CHANCELLOR.

The question submitted for decision on the statement of facts agreed upon by counsel is, whether the lien claims are entitled to priority over the complainants' mortgage. The work and materials, for payment wherefor those claims were filed, were done and furnished after the recording of that mortgage, but the building of the house, for which they were so done and furnished, was begun long anterior to the date of the mortgage. The provision of the mechanic's lien law giving priority to the lien claims over all conveyances and encumbrances made or created after the commencement of the building, is clear and explicit. The mortgagees in this

Manhattan Life Insurance Co. v. Paulison.

case, however, insist that although the building was begun in 1872, it has never been completed, and, from time to time, cessations in the work of building it have occurred for very considerable periods of time in the early part of 1873 and in the winter following, (their mortgage was made in April, 1875,) and that, therefore, the lien claims ought not to have priority over their mortgage. The interruption of the work of constructing the building for a short period, and its subsequent resumption without a change of its original design and character, does not constitute a new commencement of the building, or affect the attaching of the lien when the building was begun. *Gordon* v. *Torrey*, 2 *McCart.* 112. According to the statement of the case, there was, in the case under consideration, no interruption of the building except such as was rendered necessary by the season of the year. The house was of magnificent design and dimensions. It was to be built entirely of cut brown stone, and the work was suspended only during the building of the walls, and then only in the season of the year in which, on account of the weather and the consequent liability to alternate freezing and thawing of the mortar, it is deemed injudicious to proceed with such work. The building was begun in the fall of 1872, and the excavation for the cellar was made and the foundation walls built during that year. The work was stopped during the following winter, but was resumed in the ensuing spring, and was continued until winter, when it was again suspended, but was resumed in the spring of 1874, when it was proceeded with without interruption until April or May, 1876, and then, owing to the insolvency of the owner, it was again stopped, and has never since been resumed. The interruptions, up to the time last mentioned, were not such as to indicate any, even a temporary, abandonment of the design to prosecute the work. It must have been apparent to all interested that the owner intended to prosecute to its completion the building of the edifice as originally designed. The lien claims are entitled to priority over the mortgage.